Butler v. Kitchen.

THE STATE, EX REL. ROBERT BUTLER, v. JONATHAN'
KITCHEN.

1. An agreement made by attorneys to postpone an appeal case in the
Common Pleas for the term is valid, for though they are not attorneys
of record, they are the agents and counsel of their respective clients,
and whatever they do in conducting the case is binding on all con-
cerned.
2. Such an agreement cannot be disregarded by the court, nor can the
court dismiss the appeal for want of prosecution.

On motion for *mandamus* to the Common Pleas of the
county of Hunterdon, in matter of appeal from the court for
the trial of small causes.

Argued at February Term, 1879, before Justices DALRIM-
PLE, DEPUE and SCUDDER.

For the motion, *R. S. Kuhl.*

*Contra, G. H. Large.*

The opinion of the court was delivered by

DALRIMPLE, J. At the September Term, 1878, of the
Hunterdon pleas, the parties, by their attorneys, agreed that
the trial of this appeal should be postponed for the term. The
court refused to recognize this agreement unless it could be
shown that the parties personally entered into or authorized
it. 'This was not shown, and the court then, of their own
motion, dismissed the appeal. There was no failure of the
appellant, at any rate as between him and the appellee, to
prosecute the appeal according to law. Nor do I see any
reason why the agreement of the attorneys, whose employment
on either side was not disputed, should have been disregarded.
Although not attorneys of record, they were the agents and
counsel of their respective clients, and whatever they did in
conducting the case was as binding on all concerned as if done

by the parties personally. To hold otherwise would be to overturn a settled practice of many years. But in this case it was not alleged, either by the appellee in person or otherwise, that the appeal should be dismissed for want of prosecution. It was, therefore, error to so hold and render final judgment in favor of the appellee without his asking it. The judgment of dismissal is a final judgment against the appellant, renders the appeal bond liable to prosecution and virtually affirms the judgment below, however erroneous it may be. It appears that there was an agreement in writing, at the term at which this appeal was dismissed, entered into by a large number of the attorneys of the Hunterdon bar, that the appeals in which they were concerned should go over by consent to the next term. The appeal now in question was embraced within this written agreement. But I fail to see any reason why this writing should not have been regarded by the court, nor how the court could of its own motion legally dismiss, for want of prosecution, any case to which the agreement applied. If the court had convened, and was ready to try the cases, and the parties, for their own convenience, saw fit to postpone the trials to another term, I think the most the court could have done was to make such order for the future disposition of the cases as would have been right and proper, having regard to the rights of the public and other litigants.

The peremptory *mandamus* prayed for is allowed, without costs.